IN THE CIRCUIT COURT OF SALINE COUNTY, MISSOURI
DIVISION IV

| | |
|---|---|
| SANTANDER CONSUMER USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 11SA-CV00569 |
| MICHAEL RAY THOMAS, ) | |
| ) | |
| and ) | |
| ) | |
| KATHRYN THOMAS, ) | |
| ) | |
| Defendants/Third Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAR, INC., an Illinois corporation, ) | |
| doing business as PAR North America, ) | |
| 13085 Hamilton Crossing Blvd. ) | |
| Carmel, IN 46032 ) | |
| <u>Serve Registered Agent:</u> ) | |
| Corporate Services Company ) | |
| 251 E. Ohio St., Suite 500 ) | |
| Indianapolis, IN 46204 ) | |
| ) | |
| and ) | |
| ) | |
| ATLAS CREDITOR SERVICES, LLC, ) | |
| 1242 Scott ) | |
| Kansas City, KS 66103 ) | |
| <u>Serve Registered Agent:</u> ) | |
| David Griffiths ) | |
| 1242 Scott ) | |
| Kansas City, KS 66105 ) | |
| ) | |
| Third Party Defendants. ) | |

1

## DEFENDANTS' THIRD PARTY PETITION

COMES NOW the Defendants, by their counsel, Danieal H. Miller, PC, and for their Third Party Petition, state and allege the following:

## INTRODUCTION

1. This action has it genesis in events which occurred in the very early morning hours (approximately 2:30 a.m.) of April 13, 2011, when Michael Thomas was beaten in the head, with what is believed to be metallic flashlights, by two individuals who trespassed upon the Defendants' property, located in rural Saline County, refused to identify themselves, and then attempted to take an automobile belonging to the Defendants.

## PARTIES

2. Michael Ray Thomas (hereinafter "Mr. Thomas") and Kathryn Thomas (hereinafter "Mrs.Thomas) are lawfully wedded husband and wife at all times relevant hereto were residents of Saline County, Missouri. In this Third Party Petition, they are denominated as the Third Party Plaintiffs.

3. Santander Consumer USA, Inc. (hereinafter "SCUSA") is an active Illinois corporation, presently in good standing, and since October 18, 2006, has been registered with the Missouri Secretary of State's Office as a foreign corporation, formerly known as Drive Consumer USA, Inc., and is authorized to conduct and is actually conducting business in Missouri.

4. SCUSA is denominated as the Plaintiff in this case as on about July 22, 2011, SCUSA filed its "Verified Petition for Foreclosure of Security Interest, for Replevin and for Deficiency Judgment" against the Defendants. The Defendants filed an Answer and

Counterclaims against SCUSA and has sought leave of Court to file their First Amended Counterclaims against SCUSA.

5. Third-Party Defendant PAR, Inc., (hereinafter "PAR") is an Indiana corporation, at all relevant times herein doing business as "PAR North America." Upon information and belief, on and before April 13, 2011, PAR, Inc., was doing business in Missouri under the name "PAR North America."

6. Third-Party Defendant Atlas Creditor Services, LLC, (hereinafter "Atlas") is a Kansas limited liability company. Upon information and belief, on and before April 13, 2011, Atlas was doing business in Missouri.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court. Mr. Thomas first suffered bodily injuries and sustained other damages in Saline County, Missouri, as a direct and proximate result of the acts and/or omissions of PAR and Atlas, as more specifically set forth herein. Mrs. Thomas first sustained damages in Saline County, Missouri, as a direct and proximate result of the acts and/or omissions of SCUSA, PAR, and/or Atlas, all as more specifically set forth herein. Venue is therefore proper pursuant to §508.010.4.

## GENERAL ALLEGATIONS

8. On or about November 4, 2009, SCUSA entered into a "Services Agreement" with PAR whereby PAR was engaged by SCUSA to act as an independent contractor to perform collection activities, including the repossession of vehicles, "by voluntary or involuntary means," including, but not limited to, a 2007 Jeep Grand Cherokee, purchased by Mr. & Mrs. Thomas on or about April 30, 2007, from Frontier Motors, formerly located in Boonville, Missouri.

3

9. Upon information and belief, the "Services Agreement" between SCUSA and PAR was in full force and effect from November 4, 2009, to November 4, 2011.

10. Upon information and belief, with regard to the 2007 Jeep Grand Cherokee identified in Paragraph 8 above, PAR entered into or had a pre-existing agreement with Atlas to attempt to repossess said vehicle by means of "self-help repossession."

11. Upon information and belief, with regard to the 2007 Jeep Grand Cherokee identified in Paragraph 8 above, Atlas employed, hired, retained, or otherwise contracted with Julia Carr (hereinafter "Carr") and/or Charles Ledbetter (hereinafter "Ledbetter") to attempt to repossess said vehicle by means of "self-help repossession."

12. On April 13, 2011, between the hours of 2:00 a.m. and 3:00 a.m., Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, entered upon the residential premises of Mr. & Mrs. Thomas, commonly referred to as "24025 Mount Olive Road, Marshall, Missouri," located in rural Saline County. Said residential premises are located approximately 5 miles from the city limits of the City of Marshall.

13. Upon being awakened from sleep by Mrs. Thomas, and noticing that Carr and Ledbetter had unlawfully entered upon the Thomas' premises, Mr. Thomas immediately advised Carr and Ledbetter that they were trespassing and he specifically instructed them to immediately leave.

14. Thereafter, with notice from Mr. Thomas that they were trespassing, Carr and Ledbetter, all the while acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, remained unlawfully upon the Thomas' property and refused to leave. Rather than leave, Carr and Ledbetter, still acting within

4

the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, engaged in argumentative, harassing, abusive, violent, assaultive and injurious behavior on the Thomas' premises and in so doing, breached the peace.

15. Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, hit Mr. Thomas on and about the head and shoulders with what is believed to be heavy flashlights and in so doing, breached the peace, and caused Mr. Thomas serious bodily injuries, including, but not limited to, a 2 inch gash on his left forehead.

16. Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, left the Thomas' premises only after Mr. Thomas advised Mrs. Thomas to call the Sheriff's Office.

17. At all times relevant hereto and describe herein, Carr and Ledbetter were acting as the agents, employees, representatives, and repossession agents for PAR and Atlas and acting within the course and scope thereof. As a result, PAR and Atlas are vicariously liable for the acts and/or omissions of Carr and Ledbetter.

## COUNT I-TRESPASS

18. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their Third Party Petition as though more fully set forth herein

19. On and before April 13, 2011, Mr. & Mrs. Thomas were the fee simple owners of certain real property and residential premises commonly referred to as "24025 Mount Olive Road, Marshall, Missouri" located in rural Saline County.

20. On and before April 13, 2011, neither SCUSA, PAR, Atlas, Carr, or Ledbetter, nor anyone acting on their behalf, held any legal interest or claim to the real estate and residential premises described in Paragraph 19 above.

21. On April 13, 2011, between the hours of 2:00 a.m. and 3:00 a.m., Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, entered onto and remained unlawfully upon the premises of Mr. & Mrs. Thomas after being warned by Mr. Thomas that they were trespassing and after being told by Mr. Thomas to leave the premises, and thereby trespassed on the premises of Mr. & Mrs. Thomas.

22. As a direct and proximate result of the trespass by Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, Mr. & Mrs. Thomas were damaged. In particular, while trespassing upon the Thomas' premises, Carr and Ledbetter, again acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, engaged in argumentative, harassing, abusive, violent, assaultive and injurious behavior and in so doing, breached the peace of Mr. & Mrs. Thomas. In addition, while trespassing upon the Thomas' premises, Carr and Ledbetter, again acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, struck Mr. Thomas on and about the head and shoulders with what is believed to be heavy flashlights, thereby causing damages to both Mr. & Mrs. Thomas. As a result, there was a breach of peace.

23. By reason of the agreements and/relationships which existed on April 13, 2011, between PAR, Atlas, Carr and Ledbetter, all as more particularly described above, PAR and Atlas are responsible and vicariously liable for the actions of Carr and/Ledbetter.

24. The actions, conduct and omissions of PAR, Atlas, Carr and Ledbetter were committed with complete indifference to or in conscious disregard for the safety and well-being of Mr. & Mrs. Thomas. By virtue of the attitude and conduct of PAR, Atlas, Carr and Ledbetter, Mr. & Mrs. Thomas are entitled to exemplary or punitive damages in an amount that will properly punish PAR and Atlas and deter them and others from like conduct in the future.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count I of their Third Party Petition in their favor and against PAR, Inc. and Atlas Creditor Services, LLC, jointly and severally, in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter PAR, Inc. and Atlas Creditor Services, LLC, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

## COUNT II-ASSAULT

25. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their Third Party Petition as though more fully set forth herein.

7

26. In the early morning hours of April 13, 2011, Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, engaged in conduct that placed Mr. & Mrs. Thomas in fear of serious bodily injury. In particular, Carr and/or Ledbetter threatened do cause physical harm to Mr. Thomas at a time and place and in a manner indicating an immediate ability to cause such physical harm.

27. As a direct and proximate result thereof, Mr. & Mrs. Thomas suffered injuries and damages.

28. By reason of the agreements and/relationships which existed on April 13, 2011, between PAR, Atlas, Carr and Ledbetter, all as more particularly described above, PAR and Atlas are responsible and vicariously liable for the actions of Carr and/Ledbetter.

29. The actions, conduct and omissions of PAR, Atlas, Carr and Ledbetter were committed with complete indifference to or in conscious disregard for the safety and well-being of Mr. & Mrs. Thomas. By virtue of the attitude and conduct of PAR, Atlas, Carr and Ledbetter, Mr. & Mrs. Thomas are entitled to exemplary or punitive damages in an amount that will properly punish PAR and Atlas and deter them and others from like conduct in the future.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count II of their Third Party Petition in their favor and against PAR, Inc. and Atlas Creditor Services, LLC, jointly and severally, in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter PAR, Inc. and Atlas Creditor Services,

LLC, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

## COUNT III-BATTERY

30. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their Third Party Petition as though more fully set forth herein.

31. In the early morning hours of April 13, 2011, Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, struck Mr. Thomas on and about the head and shoulders with what is believed to be heavy flashlights.

32. As a direct and proximate result of being hit on and about his head and shoulders, Mr. Thomas suffered an open wound/laceration to his left forehead, approximately 2 inches in length, and various bruises and contusions to his upper body, all of which required Mr. Thomas to seek medical treatment. The injury to his left forehead also has left a permanent and visible scar and the entire incident has resulted in other physical manifestations with regard to Mr. Thomas including, but not limited to, nightmares, flashbacks, restless sleep and memory loss.

33. By reason of the agreements and/relationships which existed on April 13, 2011, between PAR, Atlas, Carr and Ledbetter, all as more particularly described above, PAR and Atlas are responsible and vicariously liable for the actions of Carr and/Ledbetter.

34. The actions, conduct and omissions of PAR, Atlas, Carr and Ledbetter were committed with complete indifference to or in conscious disregard for the safety and well-being of Mr. & Mrs. Thomas. By virtue of the attitude and conduct of PAR, Atlas, Carr and Ledbetter, Mr. & Mrs. Thomas are entitled to exemplary or punitive damages in an amount that will properly punish PAR and Atlas and deter them and others from like conduct in the future.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count III of their Third Party Petition in their favor and against PAR, Inc. and Atlas Creditor Services, LLC, jointly and severally, in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter PAR, Inc. and Atlas Creditor Services, LLC, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

## COUNT IV-BREACH OF THE PEACE

35. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their First Amended Counterclaim as though more fully set forth herein

36. In the early morning hours of April 13, 2011, Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, Par and SCUSA, in addition to trespassing upon the residential premises of Mr. & Mrs. Thomas, committed a breach of the peace when their speech and conduct was such that it violated the public order, disturbed the public tranquility, had the potential of provoking violence, and actually provoked violence. In addition, Carr and Ledbetter attempted to repossess

the 2007 Jeep Grand Cherokee over the unequivocal oral protest of Mr. Thomas, and in so doing, also breached the peace.

37. As a direct and proximate result of the acts and/or omissions of Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, Par and SCUSA, Mr. & Mrs. Thomas were damaged in the manners set forth herein.

38. By reason of the agreements and/relationships which existed on April 13, 2011, between PAR, Atlas, Carr and Ledbetter, all as more particularly described above, PAR and Atlas are responsible and vicariously liable for the actions of Carr and/Ledbetter.

39. The actions, conduct and omissions of PAR, Atlas, Carr and Ledbetter were committed with complete indifference to or in conscious disregard for the safety and well-being of Mr. & Mrs. Thomas. By virtue of the attitude and conduct of PAR, Atlas, Carr and Ledbetter, Mr. & Mrs. Thomas are entitled to exemplary or punitive damages in an amount that will properly punish PAR and Atlas and deter them and others from like conduct in the future.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count IV of their Third Party Petition in their favor and against PAR, Inc. and Atlas Creditor Services, LLC, jointly and severally, in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter PAR, Inc. and Atlas Creditor Services, LLC, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

11

## COUNT V-WRONGFUL ATTEMPTED REPOSSESSION

40. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their First Amended Counterclaim as though more fully set forth herein

41. On or about April 13, 2011, SCUSA, PAR, Atlas, Carr and Ledbetter attempted to repossess the Jeep vehicle described hereto from Mr. & Mrs. Thomas without the benefit of judicial process.

42. Said attempted repossession was wrongful for the following reasons:

   a. Neither SCUSA, nor PAR, Atlas, Carr and Ledbetter had a security interest in the Jeep;

   b. Mr. & Mrs. Thomas were not in default;

   c. SCUSA, PAR, Atlas, Carr and Ledbetter's conduct was not in conformity with the Thomas' Contract with Frontier Motors and/or Chrysler Financial, in that none of them confirmed the receipt of a "Right to Cure" letter by Mr. & Mrs. Thomas; and/or

   d. The repossession was attempted without the benefit of judicial process and in so doing, the peace was breached.

43. As a direct and proximate result of the wrongful attempted repossession, Mr. & Mrs. Thomas were damaged in the manners set forth herein.

44. The above mentioned conduct on the part of PAR, Atlas, Carr and/or Ledbetter, was willful, wanton and malicious and without just cause or excuse in reckless disregard of the rights of Mr. & Mrs. Thomas to the exclusive possession of their premises, and their peace, right of peaceful enjoyment of their premises and the right to

be free from argumentative, harassing, abusive, violent and assaultive behavior and battery while upon their premises.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count V of their First Amended Counterclaim in their favor and against SCUSA in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter SCUSA, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

## COUNT VI-VIOLATION OF §427 RESTATEMENT (SECOND) OF TORTS

45. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their First Amended Counterclaim as though more fully set forth herein

46. SCUSA employed PAR to do work involving a special danger to others which SCUSA knew or had reason to know to be inherent in or normal to the work contracted to PAR, or which SCUSA contemplated or had reason to contemplate when it entered into the "Services Agreement" with PAR.

47. Upon information and belief, PAR then entered into a contractual relationship with Atlas to do the work which PAR agreed to perform under the "Services Agreement."

48. Upon information and belief, Atlas then employed Carr and Ledbetter.

49. In so doing, PAR and Atlas failed to take reasonable precautions against such dangers and therefore subjected themselves, and each of them, to liability for all of the physical harm caused to Mr. & Mrs. Thomas as described herein.

13

50. As a direct and proximate result of the acts and/or omissions of Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, Par and SCUSA, Mr. & Mrs. Thomas were damaged in the manners set forth herein.

51. By operation of §427 of the Restatement (Second) of Torts, PAR and Atlas, and each of them, are responsible for the acts and/or omissions of PAR, Atlas, Carr and Ledbetter and are liable for the physical harms caused to Mr. & Mrs. Thomas.

52. The above mentioned conduct on the part of PAR and Atlas, acting individually and/or vicariously by and through Carr and/or Ledbetter, was willful, wanton and malicious and without just cause or excuse in reckless disregard of the rights of Mr. & Mrs. Thomas to the exclusive possession of their premises, and their peace, right of peaceful enjoyment of their premises and the right to be free from argumentative, harassing, abusive, violent and assaultive behavior and battery while upon their premises.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count VI of their First Amended Counterclaim in their favor and against PAR and Atlas, jointly and severally, in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter SCUSA, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

## COUNT VII-FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

53. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their First Amended Counterclaim as though more fully set forth herein.

54. The acts and omissions of Carr and Ledbetter as set forth above, while acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, were allegedly committed while in the process of attempting to collect a debt or repossess property.

55. On and about April 13, 2011, neither PAR or Atlas, nor anyone acting on its behalf, including, but not limited to Carr and/or Ledbetter, held any Writ of Attachment, Writ of Replevin or any other legal process giving PAR or Atlas, or anyone acting on its behalf, any right to lawfully enter upon the premises of Mr. & Mrs. Thomas.

56. The aforesaid conduct by Carr and Ledbetter, acting within the course and scope of the agreements with, by or between them, Atlas, PAR, and SCUSA, constitutes unfair and deceptive trade practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq., in the following respects:

   a. Said conduct was intended to harass, oppress and/or abuse Mr. & Mrs. Thomas or had the consequence of harassing, oppressing, and/or abusing Mr. & Mrs. Thomas (in violation of 15 U.S.C. §1692 d); and

   b. Said conduct was intended to, or had the consequence of, communicating with Mr. & Mrs. Thomas outside of the hours of 8:00 a.m. and 9:00 p.m. (in violation of 15 U.S.C. §1692 c).

57. As a direct and proximate result of the aforesaid conduct on the part of PAR, Atlas, and its agents, employees, and representatives, Mr. & Mrs. Thomas were injured and damaged.

15

WHEREFORE, Mr. & Mrs. Thomas pray Judgment on Count VII in their favor and against PAR, Inc. and Atlas Creditor Services, LLC, jointly and severally, for general damages in an amount that is fair and reasonable, punitive damages and attorney fees and costs in accordance with the Fair Debt Collection Practices Act.

## COUNT VIII-NEGLIGENT HIRING, TRAINING, AND SUPERVISION

58. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their Third Party Petition as though more fully set forth herein

59. PAR and Atlas each owed a legal duty to Mr. & Mrs. Thomas to use ordinary care in hiring, retaining, supervising and training its agents, representatives, employees and repossession agents, specifically Carr and Ledbetter, and each of them, so as to protect Mr. & Mrs. Thomas and others against any unreasonable risks of harm while said agents, representatives, employees and repossession agents were acting within the course and scope of their contractual or other relationships with PAR and Atlas.

60. PAR and Atlas, and each of them, breached said duty in the following respects:

   a. Hiring Carr and/or Ledbetter to attempt to repossess the Thomas vehicle without judicial process without first undertaking a reasonable effort to determine if these individuals were "Certified Recovery Agents" or otherwise familiar with and capable of performing extra-judicial "self-help repossessions" of collateral in accordance with applicable Missouri law;

16

    b. Failing to adequately and properly train Carr and Ledbetter, and each of them, regarding the legal limitations of extra-judicial "self-help repossessions" in Missouri and the applicable legal requirements thereto;

    c. Failing to adequately and properly supervise Carr and Ledbetter, and each of them, in the attempted extra-judicial "self-help repossession" of the Thomas' vehicle on April 13, 2011; and

    d. Failing to insure that Carr and Ledbetter were properly and adequately insured and/or bonded to perform extra-judicial "self-help repossessions" on April 13, 2011, and to do so in compliance with applicable Missouri law.

61. As a direct and proximate result of the failures of PAR and Atlas as aforesaid, Mr. & Mrs. Thomas suffered consequential and proximate injuries and/or damages as set forth herein.

62. The actions, conduct and omissions of PAR and Atlas, and each of them, was committed with complete indifference to or in conscious disregard for the safety and well-being Mr. & Mrs. Thomas. By virtue of the attitude and conduct of PAR and Atlas, and each of them, Mr. & Mrs. Thomas are entitled to exemplary or punitive damages in an amount that will properly punish PAR and Atlas and deter them and others from like conduct in the future.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count VIII of their Third Party Petition in their favor and against PAR, Inc. and Atlas Creditor Services, LLC, jointly and severally, in an amount in excess of $25,000.00 that is fair and

17

Case 4:13-cv-00469-DW   Document 1-6   Filed 05/07/13   Page 17 of 19

reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter PAR, Inc. and Atlas Creditor Services, LLC, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

### COUNT IX-PRIMA FACIE TORT

63. To the extent they are not inconsistent with the allegations in this Count, Mr. & Mrs. Thomas incorporate herein by reference all other allegations of their Third Party Petition as though more fully set forth herein

64. The intentional and allegedly lawful acts and omissions of PAR and Atlas, individually as well as vicariously through the acts and omissions of Carr and Ledbetter, all as set forth above were intended to cause injury to Mr. & Mrs. Thomas, without sufficient justification.

65. The intentional and allegedly lawful acts and omissions of PAR, Atlas, Carr and Ledbetter, as set forth herein directly caused or contributed to cause Mr. & Mrs. Thomas injury.

66. The actions, conduct and omissions of PAR, Atlas, Carr and Ledbetter were committed with complete indifference to or in conscious disregard for the safety and well-being of Mr. & Mrs. Thomas. By virtue of the attitude and conduct of PAR, Atlas, Carr and Ledbetter, Mr. & Mrs. Thomas are entitled to exemplary or punitive damages in an amount that will properly punish PAR and Atlas and deter them and others from like conduct in the future.

**WHEREFORE**, Mr. & Mrs. Thomas pray for Judgment on Count IX of their Third Party Petition in their favor and against PAR, Inc. and Atlas Creditor Services,

18

Case 4:13-cv-00469-DW   Document 1-6   Filed 05/07/13   Page 18 of 19

LLC, jointly and severally, in an amount in excess of $25,000.00 that is fair and reasonable; for punitive damages in an amount that is fair and reasonable under §510.265, R.S.Mo., which will punish and deter PAR, Inc. and Atlas Creditor Services, LLC, or anyone similarly situated, from engaging in the same or similar behavior; and for their costs herein expended.

_____
DANIEAL H. MILLER, MB# 29082
DANIEAL H. MILLER, PC
720 W. Sexton Road
Columbia, MO 65203
573-443-1645
573-874-3159 (fax)

ATTORNEY FOR DEFENDANTS/THIRD PARTY PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the
foregoing was ( ) mailed, postage prepaid,
at their last known address(es); ( ) forwarded via
overnight delivery service at last known address
( ) left at the office of each attorney with a clerk,
secretary, or employed or associate attorney;
( ) delivered; and/or ( XX ) transmitted via
facsimile or electronic mail as follows:

TIME			TELEPHONE NUMBER

			Mr. Louis Wade
			lwade@mcdowellrice.com

			Mr. D. Keith Henson
			khenson@pcblaw.com

to each attorney of record and each
unrepresented party in this case on the
1st day of March, 2013

_____